## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1225-JVS(RNBx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | Arrival Star S.A.., et al. -v- Meitek Inc., et al. | | |

| Present: The Honorable | JAMES V. SELNA |
|---|---|

| D. Beard for Karla Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Pamela Deitchle | Paul Overhauser (telephonically) Gregg Rapoport |

**Proceedings:**    Defendant's Motion  for Sanctions pursuant to Rule 11

Court's Tentative Ruling issued to counsel before case called.  Case called. Hearing  held.  Court hears oral argument from counsel.  Court rules fin accordance with Tentative Ruling and denies Motion for Sanctions pursuant to Rule 11.

Defendant Meitek, Inc. ("Meitek") moves the Court to impose sanctions against Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar") and their counsel under Federal Rule of Civil Procedure 11. (Docket No. 64.) ArrivalStar has opposed the motion (Docket No. 66)[1] and Meitek has replied (Docket No. 69). For the following reasons, the Court DENIES the motion.[2]

## I.    **Legal Standard**

Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cnty. of L.A., 120 F.3d 982, 985 (9th Cir. 1997). "The standard governing both the 'improper purpose' and 'frivolous' inquiries is objective." G.C. & K.B. Invs., Inc. v. Wilson , 326 F.3d 1096, 1109 (9th Cir. 2003) (quoting Townsend v.

---

[1]  ArrivalStar's opposition brief is erroneously captioned as "Notice of Motion and Motion for Leave to File a First Amended Complaint; and Memorandum of Points and Authorities in Support Thereof."

[2]  The Court resolves ArrivalStar's Motion for Leave to Amend in a separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1225-JVS(RNBx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | Arrival Star S.A.., et al. -v- Meitek Inc., et al. | | |

Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). The Court's Local Rules further provide that "[t]he presentation to the Court of frivolous motions . . . subjects the offender at the discretion of the Court to . . . sanctions . . . ." L.R. 11-9.

Whether to impose sanctions is a matter within the court's discretion. See Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." (emphasis added)); L.R. 11-9. However, the Ninth Circuit has cautioned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).[3] When sanctions are imposed under Rule 11, they "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

"In bringing a claim of [patent] infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement. Failure to do so should ordinarily result in . . . Rule 11 sanctions." View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000); see also Ulead Sys., Inc. v. Lex Comp. & Mgmt. Corp., 151 F. Supp. 2d 1192, 1206 (C.D. Cal. 2001) (noting the "significant pre-filing investigation burden" on a plaintiff before asserting a patent claim).

## II.   **Discussion**

Meitek contends that ArrivalStar's counsel violated Rule 11 "because they signed the complaint and advocated for the claim made therein, without their contentions having evidentiary or legal support, formed after an inquiry reasonable under the circumstances." More specifically, Meitek contends that ArrivalStar's counsel (1) failed to prepare any claim construction before filing suit, (2) made a "tactical decision" to sue Meitek instead

---

[3] Meitek relies largely on Raylon v. Complus Data Innovations, Inc., 700 F.3d 1361 (Fed. Cir. 2012). In Raylon, the Federal Circuit applied Fifth Circuit law in finding a Rule 11 violation. Id. at 1367 ("In reviewing a district court's decision to deny Rule 11 sanctions, we apply the law of the regional circuit."). The Ninth Circuit views sanctions under Rule 11 as "an extraordinary remedy."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1225-JVS(RNBx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | Arrival Star S.A.., et al. -v- Meitek Inc., et al. | | |

of its Chinese parent company due to the difficulties of retaining service and recovering judgment against the latter, and (3) improperly relied on the views of a patent practitioner to opine on the issue of infringement. (Mot. Br. 1-2.) Meitek requests an award consisting of at least three times its attorneys' fees and costs, "and preferably 5 - 10 times."[4] (Id. at 17.)

ArrivalStar contends that Meitek's motion is procedurally defective because "Meitek refused to provide ArrivalStar with the 'filing-ready' motion 21 days before filing the Rule 11 motion with the Court and provided only the two page notice of the motion, without the supporting memorandum or any exhibits." (Opp'n Br. 1.) The Court agrees.

Rule 11(c)(2) provides:

The motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Case law has clarified that the motion to be served under Rule 5 must be "filing-ready." Certain Underwriters at Lloyd's London v. Rauw, No. C 05-2377 SBA, 2007 WL 2729117, at *5 (N.D. Cal. Sept. 18, 2007) (quoting Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1151 (9th Cir. 2002)).

Meitek argues that it satisfied Rule 11's "safe-harbor" provision because it served the filing-ready Motion for Sanctions upon ArrivalStar. But Meitek interprets "filing-ready" to include only the notice of motion, not "the supporting memorandum or any exhibits." (Reply Br. 2.) Contrarily, the Court interprets "filing-ready" to include every part of the motion that will be filed with the Court, including the notice of motion, the

---

[4] Meitek contends that its attorneys' fees and costs at the time of filing the present motion were approximately $110,000. Meitek requests fourteen days following the ruling on this motion to present evidence of its total fees and costs. (Mot. Br. 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1225-JVS(RNBx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | Arrival Star S.A.., et al. -v- Meitek Inc., et al. | | |

supporting memorandum, and any exhibits. The Court's interpretation is supported not only by the plain meaning of the term, but also by the purpose of the safe-harbor provision, which "is . . . to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed." <u>Truesdell</u>, 293 F.3d at 1151-52.

Because Meitek failed to comply with Rule 11's safe-harbor provision, its Motion for Sanctions is DENIED.

**III.   Conclusion**

For the foregoing reasons, the motion is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | db for kt | | |